## MACHEN v. WESTERN UNION TEL. CO.

1. EVIDENCE—DECLARATIONS—PRINCIPAL AND AGENT.—The question being the prompt delivery of a message, the declaration of the sending agent some time after that he received it and forwarded it promptly is inadmissible, but error caused thereby cured here by proof of this fact by other competent and undisputed evidence.

2. IBID.—EXPERT—OPINION.—A witness may give his opinion as to whether he could have crossed a creek earlier after statement of facts upon which it is based.

3. IBID.—MENTAL ANGUISH—WILFUL TORT.—Addressee of a message may testify that he wanted to be with his family on death of father on account of affection for them, in support of allegation of mental suffering caused by failure to be with them and in support of an alleged wilful breach of duty.

4. NONSUIT—NEGLIGENCE—WILFUL TORT.—In an action in which damages are alleged as caused by both negligence and wilfulness it is proper to refuse nonsuit on *whole* case if there be evidence tending to show negligence, and here there being evidence tending to show delay in delivery of message, nonsuit was properly refused.

5. IBID.—IBID.—IBID.—JURY.—THE ACT OF 1898 permitting a plaintiff to allege in one statement acts as being both negligent and wilful does not destroy the two causes of action, but they are to be considered as if stated separately, and if there be proof that an act was negligent, but none tending to show a wilful act, nonsuit should be granted as to that cause of action; but in this case the long delay in delivering a death message, coupled with absence of evidence showing any real effort to deliver, required that question of punitive damages for wilful conduct of defendant be submitted to the jury.

Before GARY, J., Laurens, October term, 1904. Affirmed.

Action by J. S. Machen against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Fearons, Evans & Finley* and *Cothran, Dean & Cothran,* for appellant. The former cite: *Declaration of agent irrelevant:* 70 S. C., 16. *Nonsuit should have been granted on whole case:* 70 S. C., 422. *There being no evidence of intentional wrong, nonsuit should have been granted:* 3 Wait. Prac., 160; 64 S. C., 492; 69 S. C., 550; 66 S. C., 542; 35 S. C., 486; 69 S. C., 453; 25 Ency., 865.

*Messrs. Simpson & Cooper,* contra, cite: *Opinion evidence based on facts stated is competent:* 69 S. C., 531. *It was proper to refuse the nonsuit:* 65 S. C., 123; 65 S. C., 93, 516, 430, 444; 69 S. C., 545; 70 S. C., 418.

July 31, 1905. The opinion of the Court was delivered by MR. JUSTICE JONES. This action was brought for dam-

17—72

ages for negligent and wilful misconduct in failing to deliver a telegram announcing the death of plaintiff's father. The message was delivered to defendant company at Honea Path, S. C., on August 14th, at about 4 P. M., and was transmitted to Laurens through one or more relay offices, reaching Laurens at about 5.30 P. M. The plaintiff resided in the town of Laurens and had been conducting a milling business there for three years. When the message was delivered to the messenger boy, he carried it to Ben Della Hotel, in said town, and left it with the proprietor, who receipted for it, and pigeon-holed it, thinking it was addressed to a Mr. Meacham, a traveling salesman, who usually stopped at said hotel. Plaintiff received the message five days later. About 9 o'clock P. M., on August 14th, plaintiff, having learned of the death of his father from another source, immediately started by private conveyance for his father's home at Princeton, about eighteen miles distant from Laurens. On his way it was necessary to cross Rabun Creek, and on reaching that stream he found he could not cross, it having been swollen by heavy rains late that evening. He was thus compelled to camp on the bank of the creek until midnight, when he attempted to cross, but on reaching the bridge and finding the water dangerous beyond, he camped on the bridge the balance of the night exposed to the weather. He reached his father's home the next morning in time to attend the funeral. The jury rendered a verdict for $225, and defendant appeals.

. The first exception alleges error in allowing the witness, H. L. Machen, to testify as to a conversation with Mr. Wiles, the agent of the company at Honea Path, as follows:

"Q. Did he (Mr. Wiles) say he had received it (the message) from Mr. West? A. Yes, sir. Q. And that he sent it promptly? A. Yes, sir." The error assigned is that the testimony was irrelevant, and being a mere declaration of the operator, could not bind the company. The testimony was relevant, as the delivery of the message was one of the issues made by the pleadings. Touching the

admissibility of the declarations of agents, the general rule
is that such declarations are not admissible unless they are
made, not only while acting within the scope of their author-
ity, but also as a part of the *res gestae.*   1st Elliott on Evi-
dence, 378; 1st Greenleaf Evidence, sec. 113; *Piedmont
Mfg. Co. v. R. R. Co.,* 19 S. C., 373; *Petrie v. R. R. Co.,* 27
S. C., 67, 2 S. E., 837; *Garrick v. R. R. Co.,* 53 S. C., 451,
31 S. E., 334; *Crawford v. R. R. Co.,* 56 S. C., 145, 34 S.
E., 80; *Gosa v. R. R. Co.,* 67 S. C., 362, 45 S. E., 810.
Under this rule, the declarations in question, being a mere
narrative of a past occurrence, although in reference to the
receipt of a telegram, which was a matter within the scope
of his agency, were not admissible.   This, however, does not
constitute reversible error, inasmuch as the fact of the
receipt of the telegram and its prompt transmission from
Honea Path to Laurens was established by other competent
and undisputed evidence.   *Garrick v. R. R. Co., supra.*

The second exception imputes error in allowing plaintiff
to testify as follows: "Q. Could you have gotten there with-
out encountering this difficulty?   A. I think so."   The
error assigned being that the testimony was a matter
of opinion about a matter beyond the knowledge of
the witness.   The purpose of the testimony was to
show that if the message had been promptly delivered he
would have been able to cross Rabun Creek on his way to
his father's before the creek became impassable.   This
opinion was based on the fact that the mail-rider had
crossed the stream that afternoon, and that late that after-
noon heavy rains caused the stream to be swollen.   The
testimony falls within the rule of the cases that hold that a
non-expert witness may give his opinion after stating the
facts upon which it is based.   *Easler v. R. R. Co.,* 59 S. C.,
316, 37 S. E., 938; *Burnett v. R. R. Co.,* 62 S. C., 292, 40
S. E., 679.

The third exception assigns error in permitting plaintiff,
in answer to a question why he wanted to be at his father's
house the night of August 14th, to state that it was natural

on account of his affection for his father and his brother and sister, and as a last respect to his father.

It is objected that the testimony was irrelevant and too remote as a basis for damages. The testimony was relevant to the allegations of the complaint as to mental anguish suffered by reason of the failure to promptly deliver the telegram which deprived him of reaching his father's house and being with the family the night of August 14th. Furthermore, the complaint alleged a wilful breach of duty on the part of defendant, and in this case testimony having even a remote causal connection between the wrongful act and the injury sustained is competent. *Pickens* v. *R. R. Co.*, 54 S. C., 498, 32 S. E., 567; *Marsh* v. *Telegraph Co.*, 65 S. C., 436, 43 S. E., 953.

The fourth exception alleges error in refusing to grant a nonsuit upon the whole action, there being no evidence either of negligence or wilfulness. The cases are numerous to the point that where the complaint alleges damages as the result of negligence, and as the result of wilful misconduct, a nonsuit cannot be granted as to the whole case if there be any testimony tending to show damages as the result of either negligence or wilfulness. *Griffin* v. *Ry. Co.*, 65 S. C., 123, 43 S. E., 445; *Young* v. *Telegraph Co.*, 65 S. C., 99, 43 S. E., 448; *Bolin* v. *Ry. Co.*, 65 S. C., 222, 43 S. E., 665; *Poulnot* v. *Telegraph Co.*, 69 S. C., 550; *Arial* v. *Telegraph Co.*, 70 S. C., 424. This is true, no matter what may be the proper construction of the act of 1898, frequently called the "jumbling act," whether it be construed as allowing a cause of action based on negligence and a cause of action based on wilful tort to be commingled in the same statement, but nevertheless to remain as distinct causes of action; or whether it be construed as permitting acts of negligence and acts of wilful tort to be alleged as separate and distinct elements of damages, but as a single cause of action. In all the cases cited above, the motion for nonsuit was directed to the *whole* case, and the point decided was that nonsuit was improper if there be any evidence

tending to support a verdict for damages, either for negligence or wilful misconduct. In this case there was some evidence of negligence in the delivery of the telegram, as it did not reach plaintiff's hands until the 19th day of August, five days after it reached Laurens. A delay in the transmission and delivery of a message raises a presumption of negligence against the company. *Poulnot* v. *Tel. Co.,* 69 S. C., 550; *Hellams* v. *Telegraph Co.,* 70 S. C., 83. There was furthermore some evidence tending to show actual damages from loss of time and exposure to the weather all night on the bank of Rabun Creek, as well as mental anguish due to the delay in reaching his father's house and family, as the result of said negligence. Whether there was any evidence of wilfulness, we will consider under the next head.

The fifth exception assigns error in refusing nonsuit as to punitive damages, as there was no evidence of wilfulness, and the sixth exception imputes error in refusing to instruct the jury, as requested by the defendant, that there was no testimony upon which a verdict for punitive damages could be based. These exceptions involve the question alluded to above with reference to the construction of the act of 1898, allowing acts of negligence and acts of wilful tort to be commingled in one statement. If, when so commingled, they constitute but one cause of action, then it must follow that nonsuit could not be granted in so far as the complaint alleged a wilful tort, as that would be but a part of such single action; but on the other hand if, notwithstanding the commingled acts of negligence and acts of wilfulness under said act, two distinct causes of action are embraced in the complaint, then manifestly it would be proper to grant a nonsuit as to the cause of action based on a wilful tort, if there be no evidence of wilfulness, and for the same reason it would be error not to instruct the jury, when requested, that a verdict for punitive damages could not be rendered, if there be no evidence of wilfulness. Some confusion has arisen in our cases because of difference of view as to the proper meaning of the act of 1898, and we

think this a proper occasion for settling the question, as it is important to have a clear and settled rule on the subject.

In the cases of *Griffin* v. *Ry., Young* v. *Tel. Co.* and *Bolin* v. *Ry., supra,* Mr. Justice Gary, writing the opinions, expressed as a reason for the decision, that acts of negligence and acts of wilful tort commingled, as permitted under the act of 1898, constitute elements of damage in a single cause of action. As already stated, this view was not essential to the decision of these cases, as the decision in each case safely rested on the principle that a motion for a nonsuit as to the entire cause could not prevail if there was testimony either as to negligence or wilfulness. On the other hand, in the case of *Stembridge* v. *Ry.,* 65 S. C., 444, 43 S. E., 968, a motion was made for a nonsuit on so much of the complaint as alleged a wilful tort, and, in responding to an exception made to the Circuit Court's refusal of motion, this Court said : "There is no doubt that the complaint stated two causes of action, one for negligence and the other for wilful tort, the former depending upon inadvertence and the latter upon wilfulness, and, therefore, if there was no evidence whatever tending to show wantonness or wilfulness, a nonsuit as to that cause of action should have been granted." In that case, Mr. Justice Gary concurred in the result only, because of his view of the act of 1898, as expressed in *Griffin* v. *Ry., Young* v. *Tel. Co.* and *Bowen* v. *Ry., supra.* In *Proctor* v. *Ry.,* 64 S. C., 491, 42 S. C., 427, this Court refused to allow the complaint alleging a wilful tort to be amended so as to allege a cause of action based on mere negligence, on the ground that the Code does not authorize an insertion of a new cause of action by way of amendment. In construing the act of 1898, the Court said : "The statute also permits a jumbling together in one statement of all acts of negligence and other wrongs, which include acts of wilful wrong, but the statute does not expressly or by implication undertake to declare that the action based upon mere negligence is not wholly distinct from an action based upon a wilful tort." The decision in that case cannot well be supported, if the

proposed amendment did not allege a new and distinct cause of action, and was only a part of a single cause of action, under the act of 1898. Following the case of *Proctor* v. *Ry.,* this Court, in *Steadman* v. *Ry.,* 66 S. C., 542, 544, said: "The effect of the act of 1898 is to require that when the same act is described as negligent and wilful, the pleading shall be treated and considered as if these two inconsistent statements had been made separately in setting out two distinct causes of action." Numerous decisions, beginning with *Pickens* v. *Ry.,* 54 S. C., 498, 32 S. E., 567, have emphasized the difference between a cause of action based upon inadvertence or mere negligence and a cause of action based upon a wilful tort. They are so inconsistent, in nature, in the measure of damages applicable, and in the defenses available, as to be incapable of being blended into a single cause of action.

When the statute says the plaintiff shall be "entitled to submit his whole case to the jury," etc., it means that such case as he has made out by his evidence shall be submitted to the jury, whether it be a case for actual damages based upon negligence, or a case for punitive damages based upon a wilful tort. If no evidence has been submitted on the case based upon wilfulness, then the whole case necessarily consists of the cause of action based upon mere negligence. Even if the proper construction of the statute has not been settled by authority, and is still a matter of doubt, then, on grounds of expediency and the proper administration of justice, there is good reason for holding that nonsuit may be granted as to the cause of action based upon a wilful tort when there is no evidence to sustain it.

Now, with reference to the specific question in this case. In the case of *Stembridge* v. *So. Ry., supra,* the Court stated that when the evidence lies close to the dividing line between negligence which is gross and misconduct which is wanton and wilful, it is generally best for the trial Court to leave it to the jury to draw the proper inference, and that a nonsuit would be proper as to a cause of action only

when it is clear that no possible view of the testimony would warrant the jury in drawing an inference supporting such cause of action.  In the case of *Young* v. *Tel. Co., supra,* the Court held that testimony as to a delay of fourteen hours in the delivery of a telegram showing necessity of prompt delivery, coupled with testimony tending to show that no effort was made to deliver the message within that time, made it proper to submit the case to the jury to determine whether there was reckless disregard of plaintiff's rights.  Likewise it may be said in this case that the long delay in delivering the death message in question, coupled with the absence of evidence showing any real effort to deliver the message, required submission to the jury as to the matter of punitive damages.  The operator at Laurens testified that he received the message, addressed and sealed an envelope, in which he placed it, and delivered same to his messenger boy for delivery, that the message was taken to the Ben Della Hotel and left there by the messenger with the proprietor.  The messenger boy was not examined, and no witness testified that any search or inquiry had been made for J. S. Machen, who had for years been residing and doing a public milling business in the town of Laurens. This was some evidence of misconduct so gross as to pass beyond mere negligence into a reckless and wanton disregard of defendant's duty to plaintiff.  It, therefore, follows that the exceptions must be overruled.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in the result.*