6697

## BALDWIN v. POSTAL TELEGRAPH CABLE CO.

1. NONSUIT—NEGLIGENCE—WILFULNESS—ALLEGATION AND PROOF.—If the allegation be that injury to land in the prosecution of work thereon by permission of the owner was done wilfully, and the proof be that it was done negligently but not wilfully, nonsuit should be granted.

2. CONDEMNATION.—A FOREIGN CORPORATION which has not become domesticated cannot avail itself of the condemnation statutes.

3. CONTRACTS—FRAUD—TELEGRAPH COMPANIES.—One who cannot read is not bound by a contract executed by him in reliance upon representations as to its contents, which turn out to be untrue and fraudulently made. Whether a contract to locate a telegraph line anywhere on plaintiff's land was executed by him through his own negligence or was obtained from him by false statements of the carrier's agent that the line would be located one foot from plaintiff's line, is for the jury.

Before WATTS, J., Oconee, November, 1906. Affirmed.

Action by Stephen Baldwin against Postal Telegraph Cable Company. From judgment for plaintiff, defendant appeals.

This case was tried on Circuit and in this Court with *Voyles* v. *Postal Telegraph Cable Company,* and one argument in both cases. Synopsis of the arguments are printed in the *Voyles'* case.

*Messrs. J. P. Carey* and *J. W. Shelor,* for appellant.

*Messrs. J. R. Earle* and *B. F. Martin,* contra.

October 31, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff recovered judgment for damages against defendant under this allegation: "That on the ...... day of ...... , in the years 1902 and 1903, the defendant oppressively, without right or authority, with a high hand, and in reckless and wanton disregard of the rights of the plaintiff, went upon his said tract of land and did trespass thereon by digging holes, erecting poles, stringing wires across said premises, cutting down and destroying trees, making roads through his cultivated and uncultivated lands and growing crops, dragging and hauling poles and other material across and upon his cultivated and uncultivated land, against plaintiff's will and over his protests and entreaties, to his damage in the sum of six hundred dollars." The Circuit Court being of the opinion that there was no evidence that the trespass alleged was committed oppressively, with high hand, or recklessly or wantonly, ordered a nonsuit as to punitive damages. The defendant first contends the action is solely for punitive damages, and, therefore, the finding that there was no evidence to support punitive damages was necessarily a finding there was no case, and the Circuit Judge erred in not

ordering a nonsuit generally. The law is well settled that in declaring in tort, when the plaintiff alleges the act which caused the injury to be negligent and wilful, he in reality states two causes of action—in one cause of action alleging the act to be a tort because inflicting injury by negligence, and in the other alleging the act to be a tort because inflicting injury wilfully. Under a complaint so drawn, upon failure to prove wilfulness, the plaintiff may be nonsuited as to that cause of action and denied punitive damages, but may recover actual damages on proof supporting the charge of negligent injury. *Machen* v. *Tel. Co.,* 72 S. C., 261, 51 S. E., 697.

But if the act be one for which there can be no recovery, no matter how great the injury, unless it was done either negligently or wilfully, recklessly or wantonly, and the plaintiff, omitting to charge negligence, alleges it was done wilfully, wantonly, or recklessly, he cannot recover either actual or punitive damages unless he proves wilfulness, wantonness or recklessness. *Proctor* v. *Ry. Co.,* 61 S. C., 186, 39 S. E., 351, and 64 S. C., 491, 42 S. E., 427; *Chiles* v. *Ry. Co.,* 69 S. C., 327, 48 S. E., 252; *Machen* v. *Tel. Co., supra.* But under such allegations, upon proof of wilfulness, wantonness or recklessness, he may recover both actual and punitive damages. *Chiles* v. *Ry. Co., supra; Duke* v. *Tel. Co.,* 71 S. C., 104, 50 S. E., 675. In the application of these established rules an important distinction is to be observed between cases where the act complained of is in itself a tort, as, for example, a trespass on real property, and those where the act only becomes a tort because done negligently or wilfully, wantonly or recklessly.

A complaint which merely alleges injury done in the prosecution of work on land carried on by permission of the owner states no cause of action. To make such injury a tort, it is necessary to allege it was inflicted negligently or wilfully, wantonly or recklessly. Hence, in such case, if the allegation be that the injury was inflicted wilfully, and

the proof be it was inflicted not wilfully but negligently, under the authorities above cited a nonsuit is proper for failure to prove the cause of action alleged. There being no allegation of negligence, and the allegation of wilfulness having fallen for lack of proof, there remains nothing to support the case. But neither wilfulness nor negligence is necessary to make trespass on real estate a tort. Hence, in this case, when by the nonsuit the Circuit Court struck from the case every charge of wilfulness and oppression, there remained the charge of an unintentional trespass, which, when proved, carried a right to actual damages.

The defendant introduced a written permit from the plaintiff granting the right to construct the telegraph line over his land. In view of this permission to enter, the defendant contends the plaintiff had no right of action for injury, but was confined to the remedy offered by the condemnation statute. An admission appears in the record that the defendant is a foreign corporation, and it does not appear it has become a domestic corporation under the laws of this State. It cannot, therefore, avail itself of the condemnation statute. Civil Code, sec. 2211; *Duke* v. *Tel. Co.,* 71 S. C., 99, 50 S. E., 675.

It remains to be considered whether a nonsuit should have been ordered for an entire lack of evidence of fraud in obtaining the permit to construct the telegraph lines over plaintiff's land. The permit purported to give defendant "the right to construct and maintain its lines of telegraph, including the necessary poles, over the property which I own, or in which I have any interest, in the ........ of ........ County of Oconee, and State of South Carolina, and along the roads, streets and highways adjoining the said property." There was evidence of plaintiff's inability to read or write, and there was no evidence of the permit being read to him. The rule is, a person who is unable to read is bound to have the paper read to him before signing, just as a person who can read is bound to read it before signing; and failure by such illiterate person

to take this precaution will, ordinarily, be regarded such gross negligence as will estop him from avoiding the contract. *Montgomery* v. *Scott,* 9 S. C., 43; 9 Cyc., 90. But another rule coexistent with this is, if one of the parties induces the other to sign a paper in reliance upon his representation as to its contents, and the representation turns out to be untrue and fraudulently made, the party who relied on it is not bound to him who deceived him into signing the paper. Here there was evidence that plaintiff relied on the representation of defendant's agent that the contract provided for the line to be run within a foot of the railroad's right of way. On this point the plaintiff testified: "Q. If he had not agreed to run the line where you said he could run it, would you have let him gone on your place at all? A. No, sir. The contract—what he claimed was a contract—was to have gone in a foot of the railroad's right of way on the south side." Support is given to this statement by the fact that, if the line had been run within a foot of the railroad's right of way, the disadvantage to the plaintiff, if any, would have been so insignificant that it might readily be allowed for so small a consideration as one dollar, mentioned in the permit; whereas, it is quite improbable the plaintiff for such a consideration, would have agreed to put it in the power of the defendant to run the line anywhere on his land, and thereby cause serious damage.

It was a question for the jury to determine, in view of all the circumstances, whether the plaintiff's unequal contract was due to his own negligence, or to his reliance on a false statement of its purport, made to him by defendant's agent. *Montgomery* v. *Scott,* 10 S. C., 449; *Mason* v. *Tel. Co.,* 71 S. C., 150, 50 S. E., 781; *Burnett* v. *Tel. Co.,* 71 S. C., 146, 50 S. E., 780.

The case of *Mason* v. *Tel. Co.,* 74 S. C., 557, was quite different. In that case the evidence of the expression by the agent of the telegraph company of even an intention as to the location of the line was contradictory and extremely

vague, and there was no evidence of reliance by the plaintiff on his statement of the purport of the contract.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.