10411

GRAYSON v. THE FIDELITY LIFE INSURANCE COMPANY OF PHILADELPHIA, PA.

(103 S. E. 477.)

1. Limitation of Actions—In a Suit Brought After Period of Limitation, It Must Be Alleged and Proved the Fraud Was Not Discovered Until a Time Within the Period.—Under Code Civ. Proc.

1912, sec. 137, subd. 6, fixing a six-year limitation for actions for fraud, but declaring that in equitable cases the cause of action is not deemed to have accrued until discovery of the fraud, it is essential, in action for equitable relief on the ground of fraud, brought more than six years after the occurrence, to allege that fraud was not discovered until within the six-year period, and the burden is on defendant to show that plaintiff had knowledge of the fraud, or of such facts as would have led to knowledge if pursued with reasonable diligence.

2. FRAUD — INSURER COMPLAINING OF EXCHANGE OF POLICIES HELD IMPROPERLY NONSUITED FOR DELAY IN ACTION.—In an action for damages for fraud in inducing plaintiff to exchange life policies where there is evidence that the exchange was secured by misrepresentations, a nonsuit should not be entered because of plaintiff's failure for nine years to discover that the substituted policy did not contain the represented stipulations, but the question whether plaintiff was grossly negligent should be left to the jury; for, while gross negligence will estop party from avoiding the contract, yet action induced by misrepresentations is not binding.

Before McIVER, J., Barnwell, Spring term, 1919. Reversed.

Action by E. H. Grayson against the Fidelity Life Insurance Company of Philadelphia, Pa., for return of premiums on insurance policy and for damages. From order of nonsuit, plaintiff appeals.

*Mr. James E. Davis,* for plaintiff-appellant, cites: *Fraud:* 3 Words & Phrases, 2943; 14 A. & E. Enc. Law (2d Edit.) 19; 111 S. C. 41. *Party guilty of fraud cannot complain that party defrauded ought not to have relied on his statements:* 76 S. E. 637-8 (N. C.); Kerr on Fraud, p. 81; Bibelow on Fraud, p. 523; 100 S. C. 203; 78 S. C. 422-3. *Question for jury:* 10 S. C. 449; 71 S. C. 150; 71 S. C. 146; 14 A. & E. Enc. Law (2 Ed.) 207; 74 Minn. 530; 20 Mich. 156; Cooley on Insurance, vol. III, p. 2854. *Parol evidence always competent to show fraud:* Jones on Evidence (2d Ed.), secs. 435, 437, 468; 1 Greenleaf on Evidence (16th Ed.) 284; 68 S. C. 110; 111 S. C. 42-3. *Physical surrender of policy not sufficient to show cancellation:* 13 L. R. A. (N. S.) 805, 809, and note. *Where suit*

*brought within six years after discovery of fraud, no laches;* *and burden on defendant to show prior knowledge:* 77 S. C. 541; 52 S. C. 368; 13 S. C. 383; 61 S. C. 41; 48 N. Y. Sup. Ct. 454; 77 N. W. 426 (Minn.). *Nonsuit improper.* 100 S. C. 109; *and cannot be predicated on cross-examination of plaintiff:* 68 S. C. 10; 26 S. C. 264; 43 S. C. 27-29; 46 S. C. 546; 42 S. C. 16.    •

*Messrs. Melton & Belser* and *Harley & Blatt,* for defendant-respondent, cite: *Effect of acceptance and retention of policy:* 77 S. C. 192; 116 Wis. 392; 96 Va. 197; 84 S. W. 51; 102 Pa. 17; 193 Fed. 238; 70 Ga. 794; 99 Ga. 258; 78 S. W. 560; 58 S. W. 573; 12 Mo. App. 111; 90 N. Y. Supp. 56; 177 U. S. 519. *Length of time necessary to constitute ratification:* 74 Mo. 167; 93 Ga. 604; 74 Minn. 530; Kerr on Fraud and Mistake 101; Moncrief on Fraud and Misrep. 208; 101 S. C. 236; 9 S. C. 35; Story's Eq. 200; 21 S. C. Eq. 153.

June 2, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff, through the fraud and misrepresentations of the defendant, whereby he was induced to make an exchange of insurance policies. The first policy was issued to him by the defendant on the 12th of December, 1894, the amount of insurance on his life was $1,000, and the annual premium was $33.71. The said policy contained a provision that the plaintiff, upon arriving at the age of 72 years, was to be paid $500 in cash, or receive a paid up policy of $1,000. The second policy was delivered to the plaintiff on the 12th of December, 1905, the amount of insurance was $1,000, and the annual premium was $34.71; but it did not contain the provision as to $500 in cash, or a paid up policy for $1,000 as in the first policy. On the contrary, it contained this provision: "This policy expires

at 12 o'clock noon, on the twelfth day of December, 1914, but may be continued in force thereafter, for life, without medical examination, by the payment on that date, and on each succeeding anniversary of the renewal premium, according to the attained age of the insured, as set forth on the second page of this policy." The insured at that time was 68 years of age and the renewal premium according to that age was $112.82.

At the close of the testimony introduced by the plaintiff, the defendant's attorneys made a motion for a nonsuit, on substantially the following grounds: (1) That the plaintiff had applied for the policy received, which he admitted, and that the policy fully complied with the application, and hence there was no basis for the action on account of its failure to come up to representation; and (2) on the ground that, having received and retained the policy for nine years, paying the premiums and receiving its protection, without objection, the plaintiff as a matter of law was deemed to have accepted the policy, and waived any claims of fraud or misrepresentation as to its character or terms.

In granting the motion his Honor, the presiding Judge, made the following order:

"As we all know, gentlemen, nonsuits cannot be granted where there is any testimony from which a reasonable inference can be drawn, tending to prove the allegation of the complaint. On the question of misrepresentation and fraud, there seems to me that there is some evidence tending to establish misrepresentation and fraud. While under the law, when a man goes into a written contract, he is presumed to know the terms of it, and it is presumed to contain the agreement of the parties, still that would not be fraud where fraud is charged, and where there is any evidence tending to establish fraud, and if the case stopped there, I would feel compelled to refuse the motion for a nonsuit, but it goes a step further. Even if that agreement was first obtained by fraud, it was acted on at once, and in

two weeks afterwards, and the policy, which they represented to him would be a better policy than the one he had at that time, was sent to him, and he kept that policy, and paid the premiums on it.   This went on for nine years afterwards.   Now, how can a man, even if in the first instance a paper has been gotten from him and another substituted by misrepresentations, keep the paper which has been substituted for nine years, act on it, and pay the premiums on it, and then, at the end of nine years, repudiate it, and claim that it was not what he was expecting to get? What he should have done was to open the policy, and he could have seen its terms, and whether or .not it was what he was to get, but he did not do that.   He kept it for nine years, and the law does not favor such a loose business policy as that.   It was his business to know and to acquaint himself with the terms of this new policy, and even if what he said was true—that he did not open the paper—it was his business to open it, for he was getting the benefit of it all of the time.   If he had died any time within nine years, he would have collected the insurance, or the beneficiary would have.   He would have been entitled to it, and his people would have claimed it.   But he kept that policy in his trunk, taking his statement as true, and got the benefits arising on it for nine years, and I think it is too late, after that length of time, to come in and say : 'It is not what I thought I was getting.'   Consequently, I feel compelled to grant the motion for a nonsuit."

The plaintiff appealed upon numerous exceptions which it will not be necessary to consider in detail.

Before proceeding to determine the questions presented by the exceptions, it will be necessary to decide upon whom rested the burden of proof.   Section 137, subdivision 6 of the Code of Civil Procedure is as follows : "Within six years : * * * Any action for relief on the ground of fraud, in cases which, heretofore, were solely cognizable by the Court of chancery, the cause of action in

such cases not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The complaint, in effect, alleges that the plaintiff did not discover the facts constituting the fraud, until December, 1914, which was less than six years before the action was commenced in 1917. The rule is thus stated in *Smith v. Linder*, 77 S. C. 535, 58 S. E. 610:

"When an action is brought for equitable relief on the ground of fraud, and a longer time has elapsed than the statute permits within which the action may be commenced, it is essential to the cause of action, for the complaint to allege that the fraud was not discovered until a period within which the action may be brought; and the burden is upon the defendant to prove that the plaintiff, or the person under whom he claims, had knowledge of the fraud, or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence."

In the case of *Baldwin v. Cable Co.*, 78 S. C. 419, 59 S. E. 67, the rule therein stated shows that his Honor, the presiding Judge, was in error in granting the nonsuit, and that the case should have been submitted to the jury. In the case just mentioned, the Court, after recognizing the rule that a failure to exercise the proper diligence therein stated, would ordinarily be regarded as such gross negligence as would estop the plaintiff from avoiding the contract, proceeds as follows:

"But another rule coexistent with this is, if one of the parties induces the other to sign a paper in reliance upon his representation as to its contents, and the representation turns out to be untrue and fraudulently made, the party who relies upon him is not bound to him who deceived him into signing the paper. * * * It was a question for the jury to determine, in view of all the circumstances, whether the plaintiff's unequal contract was due to his own negli-

gence, or to his reliance upon a false statement of its purport, made to him by the defendant's agent."

The defendant did not introduce any testimony whatever; and it cannot be successfully contended that the only reasonable inference from the plaintiff's testimony was the fact that the plaintiff's negligence, and not the fraud and misrepresentations on the part of the defendant, was the cause of the damages, especially as his Honor found as a fact that there was some evidence of fraud and misrepresentations by the defendant.

Reversed.