## OWINGS v. MONEYNICK OIL MILL.

1. MASTER AND SERVANT—NEGLIGENCE—ELECTRIC WIRES.—A master is not required to notify a servant of the danger to which he is exposed in working near electric wires, dangerous machinery, &c., when the servant knows the danger of the situation in which he is required to work.

2. IBID.—IBID.—NONSUIT.—In an action for damages for negligence in master in sending a servant to work in dangerous place without notice, nonsuit should be granted, where the entire proof is that the servant knew of the danger of his position, and none that defendant was ignorant of the want of such knowledge on the part of plaintiff.

3. NEGLIGENCE—PLEADINGS.—An action based on alleged negligence of sending servant to a dangerous place to work without notice, cannot be rested on negligence in erection of building in a dangerous place, when not pleaded or supported by any testimony.

Before KLUGH, J., Anderson, October term, 1898. Reversed.

Action for damages by John K. Owings against Moneynick Oil Mill, on the following complaint:

I. That the defendant is a corporation duly chartered under and by the laws of the State of South Carolina, having its principal place of business at Pelzer, S. C.   II. That on or about the 11th day of November, 1897, the plaintiff was in the employ of the defendant at Pelzer, S. C., as a laborer. III. That on the same day plaintiff was ordered and directed by defendant to go upon the roof of a building which it was having erected as a boiler room to its engine room of its mill, and assist in the work there going on.   IV. That there passed over the roof upon which plaintiff was thus sent, and where he went, and went to work, an electric wire, a fact well

known to defendant, which said wire was heavily charged with electricity, and being so charged as aforesaid, was a deadly and dangerous agent, and was elevated over the roof where plaintiff had gone in obedience to defendant's order, only about three feet, and hence was dangerous to those engaged at work on the roof of said house. V. That plaintiff had never before that time done any work on the roof of that building, and was wholly unaware of the dangerous nature of the employment, and yet he was suddently called and ordered to that place on this roof, under this deadly wire charged with electricity, as aforesaid, of one of the workmen who had cut himself with one of the tools, and yet neither the defendant, its officers, agents or employees, gave plaintiff any notice of the dangerous nature of the work he was thus given to do, by reason of the presence of the electric wire, so as aforesaid, charged with electricity, a known deadly agency. But defendant, negligent of its duty to plaintiff as its employee, ordered him to go upon said roof, regardless of and indifferent to the danger which he incurred from the proximity of the electric wire, so charged with electricity, and neglected to inform him of the danger which he incurred therefrom. VI. That whilst performing the labor on the roof which he had been sent to do by the defendant, the plaintiff came in contact with the live electric wire, charged with electricity as aforesaid, whereby he was grievously burned, bruised and injured, the wounds upon his neck being of so deep and dangerous a character as to threaten his life, and the jugular vein was nearly severed, and his voice is permanently injured; and he suffered other deep and dangerous wounds on his arm and hand, all of which have inflicted upon him injuries from which he will never recover and be strong again to do manual labor, upon which he depended for his support, and he further alleges that he suffered great pain and distress, and was put to heavy expense and loss of time amounting to $1,000. VII. That by reason of the terrible wounds, bruises and burns thus inflicted upon plaintiff by the negligence of defendant in failing to warn him of the dan-

gerous nature of the work he was given to do by reason of said electric wire, charged with electricity as aforesaid, being in such dangerous proximity to the roof upon which plaintiff was set to work, plaintiff has suffered permanent and lasting injury to his person and health in the sum of $10,000. Wherefore, plaintiff demands judgment against the defendant for the sum of $10,000 and the costs of this action.

From judgment for plaintiff, defendant appeals.

*Messrs. Smythe, Lee & Frost,* for appellant, cite: *Gist of action is negligence:* 19 S. C., 23. *Where there is no testimony, nonsuit is proper:* 21 S. C., 100, 549; 22 S. C., 562; 41 S. C., 390. *Plaintiff is limited to proof of acts of negligence alleged:* 21 S. C., 100; 45 S. C., 280. *Servant assumes obvious risks:* 21 S. C., 547; 22 S. C., 562; 47 S. C., 382; 48 S. C., 195; 42 N. E. R., 928; 74 Fed. R., 197; 40 Ia., 341; 54 N. J. L., 411; 34 Am. R., 294; 153 Mass., 334; 90 Mass., 440; 36 N. E. R., 442; 15 S. C., 457. *Plaintiff must prove master knew of danger complained of:* 41 S. C., 392; 113 Mass., 396; 68 Fed. R., 632; 153 Mass., 334.

*Messrs. Haynesworth & Parker,* also for appellant, cite: *No proof admissible except as to negligence alleged:* 45 S. C., 482. *Master had right to assume that servant would use proper care:* 4 N. E. R., 231; 23 S. C., 537. *When the duty to warn an employee arises:* 48 S. C., 195; 65 N. W. R., 419; 27 S. E. R., 512; 21 S. C., 550; 41 S. C., 388; 26 N. R., 1002; 74 F. R., 201; 16 N. E. R., 583. *Similar cases:* 36 N. E. R., 789; 41 S. C., 388. *Nonsuit should be ordered here:* 2 Strob., 6.

*Messrs. Bonham & Watkins,* contra, cite: *There being some evidence to support plaintiff's allegations, nonsuit was properly refused:* 51 S. C., 150; 45 S. C., 46, 183, 283; 48 S. C., 421; 50 S. C., 25; 53 S. C., 157; 16 L. R. A., 43; 28 L. R. A., 597. *Was the danger from the wires so apparent as to relieve the defendant of the legal duty of warning its*

*employee?*, 28 L. R. A., 597; 51 S. C., 296; 16 L. R. A., 44; 28 L. R. A., 599. *If plaintiff's opinion that the wires were telephone wires is contributory negligence, then it should have gone to the jury:* 25 L. R. A., 553; 28 L. R. A., 596; 52 S. C., 358; 51 S. C., 296.

*Messrs. Tribble & Prince*, also contra. The latter cites: *Contributory negligence and assumption of risks cannot be considered in motion for nonsuit:* 32 N. E. R., 707; 123 N. C., 614. *Evidence must be taken in most favorable light to plaintiff, and if there is a scintilla to prove his contention, case must go to the jury:* 120 N. C., 141; 122 N. C., 892; 12 N. C., 604; 32 S. E. R., 711; 37 S. C., 116; 52 S. C., 291, 444.

July 10, 1899.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.  This action was brought to recover damages for certain injuries received by plaintiff, through the alleged negligence of the defendant—a corporation chartered under the laws of this State. The complaint sets forth the facts upon which plaintiff relies to support his action—a copy of which should be incorporated by the Reporter in his report of the case. The defendant was engaged in the construction of the buildings and other structures necessary to carry on the operations in which it was about to engage, and for this purpose had employed the plaintiff, as a carpenter, to assist in such work. On the day on which the disaster occurred the plaintiff was working in the boiler room, when he was sent up on the roof, to take the place of a man who had cut his hand, with directions to assist in putting in a skylight, about 9 o'clock in the morning. Soon after he had got upon the roof, and while engaged in handing down to the man who had cut his hand his tools, he came in contact with electric wires stretched above the roof of the building, and was badly burned and otherwise injured. These electric wires, about twenty in number, were put up

and maintained by another corporation—The Pelzer Manufacturing Company—for the purpose of communicating electric power from the power-house of said company to its mill No. 4 as the motive power for propelling the machinery of said mill, some of them being used as telephone wires by the same company. There is no allegation and no testimony that defendant had anything to do with putting up these wires, or had any control over them. These wires were stretched upon arms of poles, and the lowest one of them was about four feet above the roof of the building where plaintiff was hurt, the others being higher, the next lowest one being about three feet above the lowest wire. As we understand the complaint, the only negligence alleged therein was in putting the plaintiff to work at a point in such close proximity to these electric wires, charged with electricity, as to make it a dangerous place, without any warning being given him as to the danger to which he was exposed. To this allegation the testimony on the part of the plaintiff was exclusively directed, except that portion of the testimony tending to show the nature and extent of the injury sustained by the plaintiff. At the close of the plaintiff's testimony the defendant moved for a nonsuit upon the grounds that there was no testimony tending to show negligence on the part of the defendant. The Circuit Judge, without assigning any grounds therefor, refused the motion, and the case went to the jury without any testimony on the part of the defendant, who found a verdict for the plaintiff, upon which judgment was entered, from which defendant appeals upon the several grounds set out in the record, which need not be set out here, as the sole question is whether there was a total lack of testimony tending to sustain the charge of negligence alleged in the complaint.

As we have said, the only negligence alleged in the complaint, to which alone the testimony was directed, was the failure to warn the plaintiff of the danger to which he was exposed when he was put to work on the roof of the building, from the electric wires; and the only danger was from

coming in contact with the wires; for it is not and cannot be pretended that there was any more danger in working on the roof of this building than on any other building of similar height, unless he came into contact with the wires. So that the only danger against which it could by any possibility be claimed he should have been warned was the danger of coming into contact with the wires. The well settled rule, as we understand it, is, that it is the duty of the master, when a servant is set to work at a dangerous place, or with dangerous machinery or other appliances, to warn the servant of the danger to which he is exposed, where he knows or ought to know that the servant is not aware of the danger; and it is negligence on the part of the master to fail to give such warning in such a case. But where the servant knows the dangerous nature of the situation in which he is required to work, or of the machinery or other appliances which he is to use, such warning would not only be useless, but would be absurd. For example, where a carpenter is employed to repair the roof of a building, it would be absurd to require the employer to warn the carpenter of the danger which he incurs in going upon the roof of a building, as every one, especially a carpenter, is presumed to know the danger to which he is exposed? Or to take another instance, if a blacksmith is employed to do work incident to his calling, it would be absurd to say that his employer is required to warn him that it is dangerous to allow the heated iron to come in contact with his hands or any portion of his person. These principles are so well founded in reason and common sense that they need no authority to support them; but if authority be needed, it may be found in any work or in any case which treats of the subject.

In the light of these principles, let us proceed to the examination of the facts of this case, with a view to ascertain whether there is any testimony tending to show any negligence on the part of the defendant. As we have seen, the negligence charged consists in the failure of the em-

ployer to give the warning to the employee; but if
such warning was not shown to be necessary, there
was no duty on the part of the employer, and hence no neg-
ligence.    There was not only no testimony in the case tend-
ing to show that the plaintiff was ignorant of the danger to
which he was exposed in being put to work near the electric
wires, but it shows, on the contrary, that the plaintiff was
fully aware of the danger, and hence no warning was neces-
sary.    The plaintiff's own testimony shows that he was fully
aware of the danger of coming in contact with the electric
wires—that he knew that mill No. 4 of the Pelzer Company
was run by electricity, and that the mill was running at the
time, and, therefore, he was bound to know that the wires
were charged with electricity.    Any warning which might
have been given him would have been entirely useless, and,
therefore, the defendant neglected no duty in failing to give
such warning.    There is no testimony whatever tending to
show that the defendant either knew or ought to have known
that the plaintiff was ignorant of the danger; but, on the
contrary, the undisputed testimony, all of which was ad-
duced by the plaintiff, that it was generally known in that
community that electric wires were dangerous, was well cal-
culated to induce the defendant to presume that the plaintiff
was fully informed of the danger, and, therefore, that no
warning was necessary, and that this presumption is well
founded; in fact, it is fully shown by the explicit admission
of the plaintiff, while on the stand as a witness, that he knew
of the danger.

The attempt of one of the counsel for the respondent to
claim that there was negligence on the part of the defendant
in erecting its boiler room under the electric wires not more
than four feet above the roof of such building, cannot be
sustained, for two reasons: 1st. Because no such
negligence was alleged in the complaint.  2d. Be-
cause if there had been any such allegation, there was
no testimony tending to prove it.    We are unable to find any
allegation in the complaint that the defendant was negligent

in constructing its building under these wires; and, on the contrary, the only negligence alleged was in putting the plaintiff to work in a dangerous place—dangerous because of the proximity of the roof of the building where he was put to work to the wires—and no allegation of negligence in erecting the building at that particular place. Besides, the whole testimony, as to negligence, was directed solely to showing that the plaintiff had been put to work in a dangerous place without warning him of the danger, and there was no testimony tending to show that there was negligence in erecting the building under the electric wires.

After a careful examination of the testimony in this case, we are satisfied that there is a total lack of any testimony in the case tending to prove any negligence on the part of the defendant—either that alleged in the complaint or any other —and hence there was error in refusing the motion for a nonsuit.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.