### WOFFORD v. CLINTON COTTON MILLS.

1. MASTER AND SERVANT—APPLIANCES.—When it appears affirmatively a servant had knowledge of the nature of an appliance and the danger to which its use subjected him, he cannot ordinarily recover for injuries received in its use.

2. EVIDENCE—OPINION.—Where an expert operative states the facts upon which his opinion is based, he can testify what a person would have to do to get his hands caught in a machine in a certain condition.

3. NEGLIGENCE is want of due care.

Before ELLIS G. GRAYDON, special Judge, Laurens, November, 1904. Reversed.

Action by J. M. Wofford against Clinton Cotton Mills. From judgment for plaintiff, defendant appeals.

*Messrs. F. P. McGowan* and *W. R. Richey,* for appellant, cite: *Plaintiff cannot recover because he knew the danger:* 55 S. C., 488. *Plaintiff waived liability of defendant by continuing in employment after knowledge of machine:* 21 S. C., 541; Wood on M. & S., 335; 55 S. C., 488; 44 S. C., 442; 2 Thomp. Neg., 1008. *Negligence is not want of due care, but want of ordinary care:* 15 S. C., 456; 16 Ency., 389; 66 S. C., 524. *Verdict contrary to charge should be set aside:* 68 S. C., 50; 16 S. C., 14; 64 S. C., 485.

*Messrs. Simpson & Cooper,* contra, cite: *Duty of em-
ployer in furnishing machinery:* 69 S. C., 101; 38 S. C.,
195. *Jury must say if servant was careless in handling
machinery:* 64 S. C., 215; 51 S. C., 233; 55 S. C., 90.
*Risks assumed by employee are only those incident to ser-
vice:* 67 S. C., 142; 34 S. C., 215; 20 Ency., 2 ed., 73.

October 7, 1905.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The plaintiff, an employee of the
defendant cotton mill, recovered a verdict of $200 for the
loss of his hand while attending a speeder-frame in the mill.
The important question is whether the motion for nonsuit,
which was refused by the Circuit Court, should have been
granted, on the ground that the plaintiff assumed the risk
of the character of the machine, and of the work in which
he was engaged, when the accident occurred.   The case
rested on these facts.   The plaintiff was required to clean
the floor under the machine with a cloth, and in performing
this duty his hand was caught and crushed by the cog-wheel
that ran the speeder.   The speeder was "a late improved
machine," made by the Providence Machine Company.   The
cogs were covered on top, but the cover did not extend to
the floor, and hence the cogs under the machine, which were
about fifteen inches above the floor, were not protected.   It
was possible, and would have been safer, to cover the cogs
at the bottom as well as the top, and similar machines in
two other mills mentioned by the witnesses had the cogs
so protected.   The plaintiff had never been told of the dan-
ger of his employment, and he testified, "I thought it was
cased up sufficiently to keep from getting caught. * * * I
knew it (the casing) didn't come to the floor, but I didn't
think it was dangerous to run my hand under there."   The
plaintiff, who was twenty-five years old and had been work-
ing in the mill two years, saw the machine put up, and every
Saturday after the mill stopped it was his duty and habit
to take off the cover and clean the cogs.   As a man of ordi-

nary intelligence—and ordinary intelligence must be imputed to him in the absence of proof of disability—he was, therefore, necessarily familiar with the structure of the machine, and could not have failed to know that in using a cloth with his hand to clean a floor fifteen inches below a revolving cog-wheel there was peril of having his hand caught and injured. The case is therefore one where the servant complaining of injury had knowledge not only of the nature of the appliance, but the danger to which its use subjected him.

It is not the duty of the servant to ascertain whether the machinery is reasonably safe, but when it affirmatively appears he did actually know of the features of the machine which he alleged constituted defects and knew also the danger which grew out of them and assumed the risk, he cannot recover. Whether the servant assumed the risk, as has been often decided, is ordinarily a question to be determined by the jury under all the circumstances of the case. *Bussey* v. *Ry. Co.,* 52 S. C., 438, 30 S. E., 457; *Lasure* v. *Graniteville Mfg. Co.,* 18 S. C., 275; *Farley* v. *Veneer Co.,* 51 S. C., 222, 28 S. E., 198. He is not chargeable with inspection or exercise of care in discovering defects, that being the master's duty. *Wood* v. *Victor Mfg. Co.,* 66 S. C., 487, 44 S. E., 743. Even where he has knowledge of the defect and the danger, it is for the jury to say whether he is chargeable with the risk, if he continues in the employment in order to meet an extraordinary emergency due to defective appliances furnished by the master, as in *Barksdale* v. *Ry. Co.,* 66 S. C., 208, 44 S. E., 743; or the servant continues the work relying upon the master's assurance of safety, his knowledge being presumably superior, as in *Mew* v. *Ry. Co.,* 55 S. C., 100, 32 S. E., 828, and *Keys* v. *Winnsboro Granite Co., ante,* 97, or works under the coercion of legal penalties (1 Labatt on Master & Servant, sec. 289, subd. d). None of these grounds of excuse appear in this case, nor is there any evidence of disability or lack of experience or ordinary intelligence. The

risk was obvious, and could not fail to be comprehended by a person of meagre, not to say ordinary, understanding. The evidence admits of no other conclusion than that the plaintiff not only knew the nature of the machine, but fully comprehended the danger of putting his hand under the moving cogs to clean the floor. This being so, it follows the nonsuit should have been granted. *Hooper* v. *R. R. Co.,* 21 S. C., 547; *Mew* v. *Ry. Co.,* 55 S. C., 101, 32 S. E., 828; *Owings* v. *Moneynick Oil Mill Co.,* 55 S. C., 483, 33 S. E., 511; *Martin* v. *Royster Guano Co., ante,* 237; *Biggers* v. *Catawba Power Co., ante,* 264; 1 Labatt on Master & Servant, secs. 263, 264, 279b.

It does not appear that any objection was made to the plaintiff giving his opinion that the gearing where he was hurt could have been guarded. Therefore, the first exception cannot be considered.

The testimony of the witness Eugene Davis that cleaning the floor under the machine while it was running was not dangerous if the person was careful, was not excluded or stricken out. There is, therefore, no ground for the second exception.

Objection was made to the question asked the witness Moore, "Was this or not a safe machine?" and the question was excluded as leading. Subsequently the witness gave his opinion as to whether the machine was dangerous, and the defendant, therefore, suffered no prejudice.

The witness D. T. Godfrey gave his opinion as follows: "It is the safest machine I ever saw. No possible chance for a man to get hurt, unless he is wilful and careless." This statement was not stricken out, and there is, therefore, no ground for saying the defendant did not have the benefit of the opinion of this witness.

The same remarks apply to the evidence of J. B. Wright, who testified, if a person exercised care he could have cleaned off the zinc under the machine without getting hurt. It is true, the Court stopped the witness at this point,

but this evidence was not stricken out and was, therefore, before the jury. We think, however, there was error in refusing to allow the defendant to ask J. B. Wright what a person would have to do in order to get his hands caught in the cogs while the covering was on. The witness, who was an experienced operative, had described the machine and had given the facts upon which his answer to the question might well have been founded. The question was therefore competent. *Chemical Company* v. *Kirven,* 57 S. C., 449, 35 S. E., 745.

The Circuit Judge distinctly charged that the master is not required to furnish the safest and best appliances, but only those that are reasonably safe and suitable for the work in which the servant is engaged, and there is not the slightest ground for the exception that the language used "left the impression upon the minds of the jury that the defendant was required to be the insurer of the safety·of its employee."

The definition of negligence as the want of due care is not only elementary, but is approved in the case of *Carter* v. *R. R. Co.,* 19 S. C., 24, and the exception as to this definition is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause be remanded for a new trial.

THE CHIEF JUSTICE *did' not participate in this opinion because of illness.*