7340

LEWIS v. WESTERN UNION TEL. CO.

1. Telegraph Companies—Issues.—The evidence here as to delivery of a message held not to be conflicting or uncertain or not sufficiently conclusive of an honest effort to deliver as to require the Court to submit the case to the jury.

2. Ibid.—Mental Anguish.—Upon failure to deliver a telegram announcing the death of a niece by marriage of addressee, she is not entitled to damages for mental anguish without notice of the facts from which such special damages would be expected to arise.

3. Ibid.—Negligence.—Upon allegation of negligence in failing to deliver a message promptly, plaintiff cannot recover on any other specification of negligence.

4. Ibid.—There being no evidence as to the form in which a message was delivered for transmission, recovery cannot be had for error in transmission.

5. Ibid.—Error in the address of a telegram not the proximate cause of an injury will not support an action.

6. Ibid.—Evidence—Hearsay.—Statement of the substance of a message which sender had asked a third party to communicate by phone to the carrier's agent, is hearsay.

Before ALDRICH, J., Hampton, December, 1908. Affirmed.

Action by Eliza Lewis against Western Union Telegraph Company. From order directing a verdict, plaintiff appeals.

*Mr. Julius P. Youmans,* for appellant, cites: *As to duty to deliver:* 77 S. C., 181; 78 S. C., 507. *Delay raises presumption of negligence:* 70 S. C., 83. *If there is wilfulness, plaintiff may recover:* 77 S. C., 61; 73 S. C., 430, 522; 72 S. C., 260.

*Messrs. Geo. H. Fearons* and *Nelson & Nelson,* contra, cite: *Delivery to person in whose care message is addressed is good delivery:* 21 S. C., 549; 16 S. C., 448; 2 Bay, 126, 441; 78 S. C., 506; 76 S. C., 306; Jones on Tel. & Tel., 278; 13 S. W., 986; 31 S. W., 318; 30 S. W., 70; 15 L. R. A., 129; 59 L. R. A., 477. *Long delay explained takes issue*

*of wantonness from jury:* 72 S. C., 116, 256 522; 75 S. C., 211, 186; 77 S. C., 122, 526; 78 S. C., 114; 82 S. C., 87.

October 25, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action for damages for the alleged wilful, wanton and negligent failure of defendant to deliver a telegram.

The plaintiff produced testimony tending to show: That between 10 and 11 o'clock, a. m., on June 25, 1906, the depot agent at Appleton, where defendant had no office, at the request of W. H. Barnes, telephoned a message to some one in Allendale, to be transmitted by telegraph to the plaintiff at Sycamore. The testimony does not show to whom the message was telephoned—whether to the agent of defendant at Allendale, or to some one else to be delivered for transmission, nor does it show in what form the message was delivered to the defendant's agent at Allendale, nor that the depot agent at Appleton was the agent of the defendant. It was received by defendant's agent at Sycamore at 1:20 o'clock, a. m., in the following form:

"Received at 1:20 p. m.                    June 25, 1906.
    Dated Appleton, S. C.
To Mrs. Eliza Lewis, care Ben Deer, Sycamore, S. C.

    Guss Barnes' wife is dead; bury at five o'clock this evening, Galles church.
    (Signed)                    William Barnes."

It was enclosed in an envelope addressed: "Mrs. Eliza Lewis, care Ben Barnes, Sycamore, S. C. ;" but was not delivered to the plaintiff until July 5th, when she called at the defendant's office for it. At that time the agent told her that she was not compelled to send this message outside the limits, and that she could not find anybody who knew her; that she wired back that the party could not be found, and received a message in reply that the party must be found and the message delivered; that Mrs. Lewis lived at Deer's

Mill, about one mile from Sycamore, and had lived there for about five years, sometimes attending the mill, which was much frequented by the people of Sycamore, and was well known in the community as Mrs. Eliza Lewis, and also in Sycamore; that there was a man named Lewis living in Sycamore who knew her and could have told where to find her; that she knew Ben Deer, and he knew her; that if the message had been delivered promptly she could have attended the funeral, which took place about 7 o'clock p. m., the day the message was received at Sycamore; that the deceased was her niece by marriage—the wife of her brother's son.

At the conclusion of plaintiff's evidence, the defendant moved for a nonsuit on the grounds:

1. Because it appears from the testimony that the relationship between the plaintiff and the deceased was by affinity only, and there is no presumption that plaintiff would suffer any mental anguish by being deprived of attending the funeral of her deceased niece, and there is no allegation or proof of specially tender and affectionate relations between the plaintiff and deceased, or that the company had notice at the time of the filing of the message of such relations.

2. Because the damages sustained by plaintiff, if any, are special, and there is no allegation or proof that the defendant had notice of the facts from which it may be reasonably expected they would arise at the time the message was delivered for transmission and delivery.

And upon the further ground, that no contract has been proven between the sender of the message and the agent; in fact, there has never been any proof that it was filed with the agent.

. The Court overruled the motion, holding that, while the plaintiff could not recover damages for mental anguish on account of her relationship to the deceased, she might, if there was a wilful invasion of her rights, recover punitive damages.

The defendant introduced testimony tending to show: That the message reads as it came to the defendant's agent at Sycamore over the wires; that Mr. George Allen happened to be in the office when it was received, and said that he knew Ben Deer and would take the message to him; and that it was given to Allen, who promptly delivered it to Deer; that Deer opened it and said he did not know any person by the name of Mrs. Eliza Lewis, and returned it to defendant's agent by Allen; that the agent inquired of the postmaster for Eliza Lewis, and he told her that no person by that name received mail at that office. She also inquired of everybody around there, and of all who came into the office, but none of them knew any one named Mrs. Eliza Lewis; that the assistant agent inquired of the son of the Lewis who lived in Sycamore, and he did not know of her; that the following service messages were sent and received:

"Sycamore, S. C., 25. To Appleton, S. C. Yours dated 23 to Lewis, care Deer, signed Barnes. Party not here. Undelivered. Sycamore, S. C."

"Sycamore, S. C. Try to find out where Lewis is, and let me know at once. Allendale, S. C., June 25."

"Sycamore, S. C., 1st. To Appleton, S. C. Yours dated June 25, Lewis, care of Deer, signed Barnes, undelivered. Party cannot be found. Sycamore, S. C." That the agent had been trying all the while to find the addressee and deliver the message; that the agent wrote the address on the envelope in a hurry, and wrote "in care of Ben Barnes," instead of "Ben Deer." Allen, by whom the message was sent to Deer, testified that he had known the plaintiff ten years or more as Mrs. George Lewis, but had never known her as Mrs. Eliza Lewis. Deer testified that he had known her about five years as Mrs. George Lewis, but had not known her as Mrs. Eliza Lewis.

On the close of all the testimony, the defendant moved for the direction of the verdict on the grounds:

1st. "The testimony does not warrant a verdict for puni-
tive damages.

2d. "That the undisputed testimony shows that the mes-
sage was delivered to Mr. Ben Deer, in whose care the
message was sent, within a reasonable time after it was
received for transmission and delivery, and the message
having been addressed in care of Ben Deer, the obligation
on the part of the company was carried out."

The motion was granted, and the plaintiff appealed upon
the following exceptions:

I. "His Honor, Judge Aldrich, erred in directing a ver-
dict, whereas he should have submitted the case to the jury:
(1) Because the testimony of the defendant's witnesses,
tending to show an attempt to deliver the telegram, was
conflicting, uncertain, and not conclusive proof of such an
attempt to deliver as would under the law relieve the defend-
ant of liability. (2) Because the telegram which the
defendant's witness testified that the agent of the defendant
company attempted to deliver contained the name 'Gus'
Barnes instead of 'Duffie' Barnes, and 'Galles' church
instead of 'Gillett's' church, and the envelope containing the
telegram was addressed in care of 'Ben Barnes' instead of
'Ben Deer,' all of which shows negligence on the part of
the defendant company. (3) Because there was other evi-
dence which should have been submitted to the jury; that
there was at least a *scintilla* of evidence to go to the jury.

II. "That his Honor erred in not holding that the delay
in transmission and delivery from 10 o'clock in the morning,
at which time the telegram was delivered to the company
for transmission at Allendale, to 2 o'clock in the afternoon,
was such unreasonable delay as to raise a quetsion of negli-
gence sufficient to go to the jury.

III. "That his Honor erred in not holding that addressing
the envelope containing the telegram in care of 'Ben Barnes,'
who is a negro, instead of to the care of 'Ben Deer,' a
respectable white man, was sufficient evidence of wanton

disregard of plaintiff's rights, and disrespect to her, as well as negligence to be submitted to the jury.

IV. "That his Honor erred in holding it incompetent for Alexander Sullivan, a witness for the plaintiff, to testify to the substance of the telegram he heard Mr. Flowers, the depot agent at Appleton, deliver to the agent of the telegraph company at Allendale over the phone, and in holding it to be a conversation between parties not connected with the defendant company."

After a careful consideration of the testimony on the part of the defendant, we cannot say that it was conflicting or uncertain, or not sufficiently conclusive of an honest effort to deliver the telegram as to require the Circuit Judge to submit the case to the jury. There was no positive evidence from which a wilful or wanton failure to deliver the message could be inferred. All that the plaintiff had to rely upon for punitive damages was the presumption arising from the long delay in delivery. It has been held that long delay in delivering a message, in the absence of evidence showing any real effort to deliver, gives rise to a presumption of wilfulness. *Young* v. *Telegraph Company*, 65 S. C., 93, 43 S. E., 448; *Machen* v. *Telegraph Company*, 72 S. C., 257, 51 S. E., 697; *Willis* v. *Telegraph Company*, 73 S. C., 379, 53 S. E., 639; *Roberts* v. *Telegraph Company*, Id., 523, 53 S. E., 985; *Butler* v. *Telegraph Company*, 77 S. C., 148, 57 S. E., 757. But in this case the delay is clearly and satisfactorily explained by the uncontradicted evidence of the defendant's witnesses. Hence, there was no error in refusing to submit the case to the jury on the cause of action for punitive damages.

It would be useless to consider whether there was any evidence of negligence, for the plaintiff could have recovered damages on that cause of action only for mental anguish, caused by the defendant's negligence. But it appeared that the deceased was not a blood relation, but only a niece by marriage.

In the case of *Butler* v. *Telegraph Company,* 77 S. C., 153, 57 S. E., 757, Mr. Justice Gary, in delivering the opinion of the Court, deduced the following principles from a review of the authorities: 1st. That a plaintiff can only recover such damages as are the direct and proximate result of a wrongful act on the part of the defendant. 2d. That mental anguish by a brother-in-law may be the result naturally and reasonably to be anticipated from the failure to deliver a telegram, but there is no presumption that such injury has been sustained. 3d. That if, in the particular case, one related merely by affinity sustains damages, they are special, and the defendant must have notice of the facts from which it may be reasonably expected they would arise, at the time the message is delivered for transmission.

The principles announced in that case have been reaffirmed in a number of subsequent cases. The Circuit Judge was correct, therefore, in holding that plaintiff could not recover damages for mental anguish (the act of March 2. 1909, 26 Stat., 84, not applying).

The second exception cannot be sustained for two reasons:

1. Because the complaint does not charge the defendant with negligence on account of any delay in the transmission of the message, or on account of the supposed error in the message or in the address of the envelope, but the sole charge is negligence in the failure to deliver the message promptly; and, of course, the plaintiff could not recover on any other specification of negligence. *Jenkins* v. *McCarty,* 45 S. C., 278, 22 S. E., 883; *Owings* v. *Money-nick,* 55 S. C., 483, 33 S. E., 511.

2. Because it does not appear in evidence by whom, or in what form, the message was delivered to the defendant's agent at Allendale for transmission. It may have been sent by the defendant's agent as delivered by the plaintiff's agent. The defendant was bound to transmit it in the form in which it received it for transmission.

And, again, as the telegram was not delivered in time for plaintiff to attend the funeral, the alleged errors could not have caused her any injury. If it had been promptly delivered she may not have been misled by them. It is only when negligence is shown to have been the proximate cause of injury that it will support an action.

It does not appear that there was an error in the address on the envelope, which would raise a presumption of negligence, but there is no evidence that the error caused or had anything to do with the delay in delivery. On the contrary, it clearly appears that it did not; for, notwithstanding the mistake in addressing the envelope in care of Ben Barnes, instead of Ben Deer, it was sent to Ben Deer, and by him returned to the agent of the defendant, who knew that Ben Deer was the man to whom it was to be sent; and it never again, so far as it appears, passed out of her hands until she delivered it to the plaintiff, to whom she explained how she had made that mistake.

It only remains to consider the fourth exception. When the witness, Sullivan, was being examined, he was asked to tell the substance of the message which W. H. Barnes had asked Flowers, the depot agent at Appleton, to telephone to Allendale. The testimony was properly excluded, as hearsay, for it did not appear that Flowers was the agent of the defendant.

From the view which we have taken of the points involved, it is not necessary to consider or decide the question presented by the respondent as a sustaining ground—whether delivery to the person in whose care a telegram is addressed, when such person refuses to receive it, or informs the agent of the company delivering it that he does not know the addressee, or that he will not undertake to deliver it, is a good delivery and ends the duty of the company, or absolves it from liability for failure to make further efforts to deliver to the addressee.

The judgment below is affirmed.